

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 17, 1958

Honorable Frank M. Jackson
Executive Secretary
Teacher Retirement System
  of Texas
Austin, Texas

Dear Mr. Jackson:

Opinion No. WW-451

Re: Payment of death benefits
accruing under the account
of Gussie Lee Teague, de-
ceased, pursuant to the
Teacher Retirement Act.

    Your request for an opinion states that Gussie Lee
Teague on February 16, 1939, designated her sister as benefi-
ciary to receive any death benefits due under the Teacher Re-
tirement Act. This designation was made on the regular form
prescribed by the System and duly filed in its office.

    On February 7, 1957, she executed a will in which it
was recited:

      ". . . I hereby revoke all prior wills and
testamentary instruments that I have heretofore
made."

The will further provided:

      "The residue of my estate, whether personal,
realty or mixed and wherever located, I give,
devise and bequeath to my brother, Truman G.
Teague."

    The member subsequently died, and at the time of her
death the designation of beneficiary filed with the Teacher Re-
tirement System on February 16, 1939, had not been revoked or
changed by any subsequent designation filed with the System.
The will has been duly probated, and you have asked whether
the Retirement System should make payment of death benefits
to the person named as beneficiary on the regular form filed
in your office, or to the person named in the will pursuant
to the devise above quoted.

    You have further advised us that the sister of the
decedent, Mina Belle Redmon, who was named beneficiary on
the regular form, has expressed a desire to renounce any
claim she might have against the System by reason of her

designation as beneficiary.  We understand that she is ready
and willing to file with the Retirement System an instrument
in writing, duly acknowledged, wherein she would disclaim any
entitlement to any benefits under the Teacher Retirement Law
and in which she would recognize and acknowledge the brother
of the decedent, Truman G. Teague, as the lawful beneficiary
of all benefits payable.

In view of these special circumstances, this opinion
shall be written upon the assumption that such an instrument,
duly acknowledged, will be executed by Mina Belle Redmon and
filed with the Teacher Retirement System.

In Attorney General's Opinion O-5126 (1943) it was held
that where the original beneficiary named on the regular form
on file with the Retirement System,  pre-deceased the member
and no further designation of beneficiary was made by the mem-
ber with the System prior to her death, that death benefits
were legally payable to a beneficiary named in the decedent's
will "to receive all of her earthly goods".  To the same effect
is the holding in Attorney General's Opinion O-2907.  When Mrs.
Redmon files the instrument above described with the Retirement
System renouncing any claim to death benefits which she may
legally have, we believe that the situation then will be the
same as if the member had died without a designation of bene-
ficiary being on file with the System.  This being the case, we
further believe that the holding of the above cited opinions
would render the beneficiary named in Mrs. Teague's will en-
titled to all death benefits payable under the provisions of
the Teacher Retirement Law.

We need not determine what the legal rights of the parties
would be in the event Mrs. Redmon fails to execute and file the
described instrument.

You are, therefore, advised that it is our opinion, pro-
vided the condition mentioned is complied with, that death bene-
fits payable under the account of Gussie Lee Teague, deceased,
with the Teacher Retirement System should be paid to the benefi-
ciary named in the will of Mrs. Teague, Truman G. Teague.

## SUMMARY

Death benefits payable under the ac-
count of Gussie Lee Teague, deceased,

with the Teacher Retirement System, should be paid to the brother of the deceased member, Truman G. Teague, provided there is compliance with the stated condition.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leonard Passmore
Assistant

LP:mg

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Linward Shivers

Milton Richardson

Arthur Sandlin

Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL

BY:   W. V. Geppert